# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 16, 2011

No. 10-30675
Summary Calendar

Lyle W. Cayce
Clerk

WASHINGTON MCCASKILL,

Plaintiff-Appellant

v.

W. RYDER; WARDEN JOE KEFFER; LIEUTENANT CRITTLE; L. LONGMORE; WILLIE VASQUEZ,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:09-CV-2149

Before BENAVIDES, CLEMENT and ELROD, Circuit Judges.

PER CURIAM[*]:

Washington McCaskill, federal prisoner # 28453-034, moves this court for leave to proceed in forma pauperis (IFP) in his appeal from the district court's dismissal of a *Bivens*[1] action alleging claims of excessive force, failure to protect, denial of medical treatment, retaliation, and denial of access to the courts. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

district court determined that McCaskill's excessive force and failure to protect claims were barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and that his remaining claims were frivolous. McCaskill's motion to proceed IFP is construed as a challenge to the district court's certification that his appeal is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). We ask only whether the appeal involves legal points that are not frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

McCaskill fails to offer any challenge to the district court's reasons for its certification decision. Instead, he argues that the denial of IFP was erroneous because the district court cited its prior decisions in this case in support of its determination that the appeal does not present a nonfrivolous issue. It is permissible for a "district court to incorporate by reference its decision[s] dismissing the prisoner's complaint on the merits . . . to fully apprise [this court] of the reasons for its certification," as the district court did in this case. *Baugh*, 117 F.3d at 202 n.21. Although we liberally construe pro se briefs, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). McCaskill's failure to  address the district court's determination that his appeal does not involve a nonfrivolous issue has the same effect as if he had not appealed the judgment. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

McCaskill has failed to show that his proposed appeal raises a nonfrivolous issue. *See Howard*, 707 F.2d at 220. Accordingly, his IFP motion is denied. *See Baugh*, 117 F.3d at 202 n.24. Because his appeal is frivolous, *see Howard*, 707 F.2d at 219-20, it is dismissed. *See* 5TH CIR. R. 42.2. The dismissal of this appeal and the district court's dismissal of the complaint both count as strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). McCaskill is cautioned that if he accumulates three

No. 10-30675

strikes, he will not be allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP  DENIED;  APPEAL  DISMISSED  AS  FRIVOLOUS;  SANCTION WARNING ISSUED.